May it please the Court, Jeffrey Dickerson appearing on behalf of the Appellant Linda Ahlmeyer. How to phrase the issue before the Court can be variously done, I think. I don't think CCLAMRS applies to this particular situation because Congress, through no fault of its own, failed to enter this particular area of 1983 law that applies to state employees because, in passing the ADEA, it didn't reach it. Okay, let me ask you this. If we assume that the ADEA does not abrogate the 11th Amendment, which I think the Court's holding in Kemmel, that means that under the ADEA you can't sue the Nevada System of Higher Education because it's a branch of the state. That's true. Assume further that under the ADEA, because it does not abrogate the protection of the 11th Amendment, you can't get damages from an individual state officer. Are you on board with that proposition? Under ADEA? Under the ADEA, because there's no — and the reason is that there's no — the ADEA does not abrogate the protection of the 11th Amendment. And because it only extends to employers and not individuals. Okay. Here's my problem with your case. 1983 doesn't abrogate the protection of the 11th Amendment. That makes it obvious that you can't sue the Nevada System of Higher Education because it's a branch of the state. Conceded. Do you need an abrogation of the 11th Amendment in order to get damages against the individual, against Mr. Reed? No, Your Honor. Why not? Because the 11th Amendment doesn't protect him in his individual capacity. It does protect him in his official capacity. How do you distinguish Edelman v. Jordan? Edelman v. Jordan is — Edelman — I remember the name of the case, but — The court decides in 1974 that the federal statute, Aid to the Aged, Blind, and Disabled, in which individual state employees of the state of Illinois are conceded, or perhaps held, but nobody's fighting about it, to have violated that statute. They've processed the applications too slowly. And as a consequence, the people who were not paid when they should have been have lost money. And suit is brought for damages against the employees who processed them too slowly in violation of federal law. And the court holds in Edelman v. Jordan the 11th Amendment forbids getting damages, retroactive monetary relief from the state employee. Yes. How do you distinguish Edelman in this case? Now I remember Edelman. Thank you for reeducating me, Your Honor, for my jurisdiction class in law school. But that's — Edelman v. Jordan picks up — there's a case after that that picks up and makes a distinction between retroactive and prospective injunctive relief. Correct. And there's case law in this circuit and from that particular case, the progeny of that case in this circuit. Are you seeking prospective injunctive relief? But that holding only applies to the officials acting in their official capacity. It doesn't apply to the individual liability in their individual capacity. I disagree with you. The court says nothing in Edelman about the sort of the label on the pleading as to whether or not they're being sued in their official or their individual capacity. Well, I think if you — for instance, if you look in our brief — I don't want to go citing cases that aren't in the brief. The CISJO non-JAD case versus the Merced Community College case. In that particular case, there were ADA claims against the employer, Merced Community College. At the same time, this court addressed the claims under 1983 for equal protection violations by the individuals. And that case is an example I would point to, although the 11th Amendment probably wasn't specifically at issue there. And if you look at case law in this circuit, none come to mind right now. But it's — I've been practicing 1983 law for a long time, and there is a distinction in the application of the 11th Amendment immunity between official capacity suits and individual capacity suits. And I would urge your honors and their law clerks to take a look at that particular area of law. There is a distinction. And damages are available against individuals under 1983 retrospectively and prospectively. Well, they are in so-called constitutional torts. So, for example, in Scheuer v. Rhodes, the governor of Ohio was sued in damages under 1983 for the shooting that takes place. Is this — are you arguing that this claim you're bringing is tantamount to a constitutional tort? Absolutely. That's exactly what it is. It's an equal protection violation by Defendant — prospective Defendant Reed in his individual capacity for violating my client's right under the Equal Protection Clause to be free from discrimination by State officials. And he's a State official sued in his individual capacity. And so it's a damages action. So you've got to argue then that there's a cause of action under the Equal Protection Clause for age discrimination? Exactly. We're not relying at all upon the ADEA as the predicate, if you will, for the violation. This is not a Federal statutory claim under 1983. This is a Federal constitutional claim under Section 1983, specifically equal protection. And I take it your argument is that Congress couldn't preempt this kind of claims and put them all under ADEA. Well, it tried to. There's no question that I think in the 93rd Congress is when they added the governmental entities to the law. But in Kimel, the Supreme Court said, well, you can't — it didn't hold that it's okay to do it to cities and towns and so forth. But it did hold, because that's the issue presented to it, that the 11th Amendment prevents that law from reaching the State as an employer because that law was not passed pursuant to the 14th Amendment Clause 5. In other words, age was not a suspect class, if you will, historically, one of the forms of discrimination that Section 1983 looked at back after the Civil War. So in that analysis, in Kimel, the State cannot be sued and State officials acting in their official capacity cannot be sued. And so the ADEA doesn't apply to them. But that creates an exception to the preemption doctrine under C. Clammers that the other circuits have found to exist. And this circuit hasn't yet ruled upon that question. But I don't think that question has to be reached in this case, because Congress, by virtue of Kimel, has not reached this particular area of defendants, if you will. The individual State employees are still liable under Section 1983 by virtue of Kimel, which precludes the application of the C. Clammers doctrine of preemption via the ADEA. In other words, the ADEA, working the other way of the analysis, the ADEA does not apply to individual State employees. How much Fourteenth Amendment law is there in which there is a claim for age discrimination? We've cited two cases from the Supreme Court where they found that it is an equal protection. You can rely upon it as a class under the Equal Protection Clause, although it's a rational basis analysis. And we've alleged that in our complaint. Again, the CIS show now, and I can't pronounce that case, but it's the Merced College case that we cite in our brief, is a case where age discrimination was specifically recognized by this court as a basis for 1983 liability, under the Equal Protection Clause. The interesting thing is that the district court, at Excerpt for Record 37, in his footnote, Judge Reed noted that there might be this exception, and even went so far as to say that we could bring a clause, a cause of action under the Fourteenth Amendment against the defendants, but he denied the motion up in the text. He's contradicting what's in the footnote. I think the footnote's right. Something happened, a disconnect happened between the footnote and the text, or I think Judge Reed might have granted our motion. And again, the question here is, allowing us to file an amended complaint, the question really is a legal question. Ordinarily, the question before the Court on an appeal from a Rule 15 ruling is abuse of discretion, but I would submit that the question of futility of amendment, the application of that particular factor, is a question of law, and therefore, de novo review is appropriate. I'll reserve the remainder of my time, Your Honor. Mary Phelps-Dugan Good morning. May it please the Court. I'm Mary Phelps-Dugan on behalf of the Nevada System of Higher Education and Mike Reed. And we believe that Judge Reed properly denied the motion to amend in this case. In doing so, we don't believe he created any ambiguity with this footnote. We believe this footnote indicated that if there were some other claim under the Protection Clause that Ms. Allmeyer wanted to bring other than age, then perhaps she could have brought that. But his holding in this case is clear, that a 1983 action for enforcement of a federal statutory right is unavailable where the governing statute provides a clear statutory remedy and occupies the field as the ADEA does. I don't believe his footnote was a mistake because this decision that he made in this case echoes his decision that he made in Morgan v. Humboldt County School District back in 1985. And the circuits that have addressed this issue, which are the Fourth, the Fifth, and the Tenth, have all agreed that the ADEA preempts a claim under Section 1983 for age discrimination. Let me ask you this, though. And it's almost sort of like a logical question or a legal grammar question. Assume that the 14th Amendment requires something. Can Congress pass a statute disabling that requirement? Well, that's a very good question. And what I'm thinking is that age is not a suspect class under the 14th Amendment. Well, you said it was a very good question. Do you have an answer to it? I have to say probably Congress cannot, straight up. I think that's probably right. But, yes. Therefore, so the next question is, if, and this is an if question, if the 14th Amendment provides a cause of action here, how can the ADEA say there is no cause of action? ADEA say there is no cause of action. Well, I don't believe that the 14th Amendment provides a cause of action for the age, under age. But you see, but then we're not talking preemption of the 14th Amendment by the ADEA. We're simply talking about what cause of action exists under the 14th Amendment. And in this case, there wouldn't be one for age. Because? Because age is not a suspect class, for one thing. Age is not what? A suspect class. Age is not one of the areas that is thought to be susceptible to discrimination. If we're lucky, we all get old. Well, I understand that. But it's not being a suspect class doesn't mean there's no such thing as a cause of action for age discrimination. You have to have a rational basis. Correct? If there is no rational basis, then it's forbidden discrimination. I see your point. However, I believe the other circuit courts are correct in this instance and that the ADEA does preempt, does occupy the field in this area. Now you're changing your ground. You're backtracking and changing your ground. You're now claiming preemption. You just conceded that three minutes ago there was no preemption. Now you want to argue preemption. Well, you're right. It's a conundrum. I want to win my case. I mean, you're answering very honestly. You may not have a good answer. I want to win my case. And I think I'll be straight up. You have a good line, Professor. That's a good question. Yes, it is. But a student can't say that's a good question, Professor. Move on to your next one. Well, I think what the plaintiff argued in their brief was based on the Mostafa case. And in that case, the district court was concerned about the fact that state employees wouldn't have any access to redress if the holding that Judge Reed has issued would prevail. But the fact of the matter is that states have statutory schemes for addressing age discrimination. And so that issue wouldn't be a problem here. Nevada, which I mentioned in my brief, has a statute that addresses age discrimination. And under that statute, a plaintiff can get damages for back pay, promotional pay, failure to promote, and these sorts of things. That all sounds very good, but is the Nevada statute somehow disabling of the 14th Amendment? No, of course not. Now, I don't know what the answer to this one is. Some of the questions I asked, I think I had in my head an answer here. I'm not exactly sure. Assume the ADEA does not exist. Yes. And we're just bringing a straight 14th Amendment claim, age discrimination, funneled through 1983, against Mr. Reed for damages, not against the institutional client, because I think that requires, and that's been conceded, that requires abrogation. We don't have abrogation. That's all. Yes. What would you have to prove to show that there's no cause of action against Mr. Reed? In the abstract, of course, you'd have to show rational basis. But what would that mean? Well, I think that would mean that there was some, well, I don't accept the plaintiff's position, but if, I guess what you're asking is what would the plaintiff have to prove was that there was, she was discriminated against on the basis of age and there was no rational basis for it. My proof would be that the things happened for some other reason. I guess I'm missing your question. I apologize. Cause of action, you'd have to prove that discrimination on the basis of age has a rational basis. Right. That the employer says, I think I can get more work out of a younger person than I can get out of an older person. That's a rational basis. If it's not a suspect class, what's wrong with that? I'm not sure there is anything wrong with that. I don't think there's anything wrong with that. It's sort of like the. I'm not sure there is either. It's sort of like the case with the Missouri case with the judges where they have the mandatory retirement age. Yeah, sure. It's okay to have certain decisions based on age. Of course, they were dead wrong in Missouri. Older judges do a really good job. Well, as I said, we all hope to get old. This is our goal. I think you will find the most pervasive discrimination there is is based on age. Well, I hope to get there and find that out. No, young are discriminated against too. At this point, I'm not exactly sure where to go with my argument. I believe I've tried to answer and admit the points of the argument where I can't disagree with you. Now, here's a variation on this. We do know, and I've not been citing this case law to you yet, but we do know that in certain areas of the law, the Supreme Court is willing to allow Congress, as it were, to play, that is to say, to be players. For example, under Miranda, when the court writes Miranda and it says, in order to protect the Fifth Amendment right against involuntary self-incrimination, we're going to set up this little system whereby the officer has to give a warning, blah, blah, blah. In that very opinion, the court says, but if Congress wishes to handle this in a different way and to provide against involuntary self-incrimination slightly differently, that would be fine with us. Similarly, the court has said with respect to search and seizures and the exclusionary rule that they had the exclusionary rule as a method of enforcing, but if Congress were to provide a different and equally effective method of enforcing, maybe they wouldn't have the exclusionary rule. Do those cases help you? Well, I think they do, because I think in this instance, Congress has provided a mechanism for addressing age discrimination in the workplace, and they have provided a scheme for bringing complaints about it, and if we don't follow that scheme, then we've basically thrown out and nullified Congress, and while in some instances I think that would be a good thing, I don't think it is in this instance. I was being somewhat sarcastic. But is the problem here with respect to the ADEA that it simply doesn't cover state employees? That is to say, if this were a private employer, would she be stating a cause of action and you just have to go to your proof? I believe so. Yes. So they've said nothing, actually, in the statute with respect to state employees, so they've not adjusted it one way or the other. That's correct. But there are state statutory schemes throughout the country that do address it and which are available, and Ms. Allmeyer didn't file under those statutes. So it is a conundrum. I admit I don't have anything more to add at this point, and I don't want to waste your time, but we believe that Judge Reed's order was correct, and we hope that you will affirm it, if there are no other further questions. Thank you. Now, the questions in the second half of the ten minutes, I think I knew the answer to the first five minutes with the questions. The second half, I didn't know the answer. Okay. Response? We'd submit, Your Honor. Okay. Thank you. Thank you for your time today. Thank you, and I'm sorry that you had to wait so long.
judges: Noonan, Fletcher, Bea